SEPTEMBER 23, 1943

**No. 48806.**              Petition 6294–R of American Shipping Co.   C. D. 771.

Government's application for rehearing denied, as follows:

OLIVER, Presiding Judge:   This is a motion for a rehearing on a decision of this court granting petitioner's prayer for remission of certain additional duties assessed for undervaluation arising out of a shipment of used electros exported from England and entered at the port of New York (C. D. 771). In that case entry was made of 84 used electros at $1 per set. The appraiser advanced the value to sterling £9 15s. 0d., packed, less 2½ percent discount, less 25 percent for use, per set on the theory that the imported merchandise consisted of 84 used original plates. An appeal was taken to reappraisement. Subsequent to the date of the filing of the appeal a further examination of the merchandise disclosed that 10 of the articles conformed to the invoice and entered description of "used electros" and that 74 were in fact "used original plates." The court found the entered value to be the correct dutiable value for the 10 used electros and at the same time found the appraised value to be the correct dutiable value for the 74 used original plates. In our decision directing the remission of the additional duties herein we found that the petitioner had established freedom from any intent to defraud the revenue or to conceal or misrepresent the facts.

Respondent now urges that the court was without power to grant the petition because the excess duties were not assessed on merchandise for which entry had been made and that petitioner's only remedy was by protest against liquidation, citing *Henry Kayser & Fils (Inc.)* v. *United States*, T. D. 46166, decided under the Tariff Act of 1922.

In the case at bar we are unable to find that any formal liquidation has been made by the collector against which a protest could be filed under section 514, Tariff Act of 1930. The papers in this case show the following steps as having been taken:

Subsequent to the receipt of the appraiser's report of value, the collector issued a notice of appraisement to the importer stating that the appraised value exceeded the entered value and that additional duties had accrued. An appeal for reappraisement was filed, and then, for the first time, it was discovered that the importation did not conform to the invoice description. In our original decision herein, we stated in substance that if a proper examination of the importation had originally been had, the appraiser might well have reported a "shortage" and an "excess." However, the collector has no official report from the appraiser that the merchandise did not agree with the invoice description, and inasmuch as the collector originally construed the appraiser's return as an advance over the entered value, we feel that the petitioner herein had every right to assume that the collector would consider the reappraisement judgment involving this shipment to be an advanced value, because the appraised value on a portion of the importation was sustained. If, on the contrary, the collector upon liquidation of this entry decides that the appraised value does not exceed the entered value and for that reason no additional duties should be assessed, then the question raised by this petition proceeding becomes moot.

The fact that the petitioner filed his petition after final appraisement but before liquidation is not an erroneous procedure. An importer has the right to take any and all legal steps to protect his interest, and the filing of this petition does not preclude the right to protest the liquidation if there is dissatisfaction with the decision of the collector. The petitioner therefore elected to pursue the remedy immediately available under section 489, Tariff Act of 1930. This section states that a petition may be filed:

* * * at any time after final appraisement and before the expiration of sixty days after liquidation * * *. [Italics supplied.]

On the facts in the case at bar we are of opinion that the petitioner has chosen the proper procedure to secure relief and that this court has jurisdiction in the premises. As in all remission proceedings, the fundamental question is whether or not the petitioner acted in good faith. We originally so held and we affirm that position herein.

The motion for rehearing is therefore denied.